UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN D. VEGA, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. C11-632-RSM <br><br> ORDER ON MOTIONS |

## I. INTRODUCTION

Before the Court are Plaintiff's motion for leave to conduct discovery (Dkt. #51), Plaintiff's motion for leave to file a second amended complaint (Dkt. #56), Pioneer's motion to file exhibits under seal (Dkt #57), federal Defendants' motion for summary judgment (Dkt. #63), Pioneer's motion for summary judgment (Dkt. #52), and two motions for extensions of time filed by Plaintiff (Dkt. ## 73 & 74). The Court considers each motion in turn.

ORDER ON MOTIONS - 1

## II. BACKGROUND

Plaintiff Juan D. Vega, Jr., proceeding *pro se*, brings this action against the United States of America; Pioneer Human Services ("Pioneer") – a private corporation that owns and manages a residential re-entry center in Seattle, Washington called the Pioneer Fellowship House; and several individuals employed by each of these defendants. Plaintiff asserts fifteen causes of action arising out of his removal from the Pioneer Fellowship House and placement back in federal detention. By separate order, the Court dismissed several of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) and denied dismissal as to Plaintiff's *Bivens* claim and negligence claims.

In January of this year, Defendants filed a joint motion to stay discovery pending forthcoming motions to dismiss based on the defense of qualified immunity. *See* Dkt. #43 Defendants offered that "[t]he Federal Defendants and the Pioneer Defendants will each file a motion to dismiss in the near future asking the Court to dismiss all *Bivens* claims on the grounds of qualified immunity. This motion will rest on the facts as pleaded by Plaintiff in his Amended Complaint, and will assert that the individual BOP Defendants and the Pioneer Defendants are entitled to qualified immunity because the Amended Complaint does not assert facts that support that they violated clearly established Constitutional rights." *Id.* The Court granted Defendants' motion: "One of the main purposes of the qualified immunity defense in *Bivens* cases 'is to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government,'' *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)." Dkt. #46. The Court also found that because Defendants' motions to dismiss would be based solely upon Plaintiff's amended complaint, discovery was unnecessary. *Id.*

ORDER ON MOTIONS - 2

In April and May, contrary to their prior representations to the Court that they would be filing motions to dismiss, Defendants filed motions for summary judgment raising a variety of legal issues and relying upon documentary evidence, including Plaintiff's inmate file. *See* Dkt. ## 52 & 63. Meanwhile, Plaintiff moved for discovery, based in part on discrepancies he identified between documents he received in a different litigation and documents he received via a FOIA request. *See* Dkt. #51. Plaintiff also contacted counsel for Pioneer and asked that Pioneer move to seal certain exhibits offered in supports of Pioneer's motion for summary judgment, including Plaintiff's inmate file. *See* Dkt. #57. In response to Pioneer's motion to seal, Plaintiff responded that Pioneer was required under its Statement of Work contract with the Bureau of Prisons to turn over Plaintiff's records to the BOP and should not have been in possession of the records at the time that it filed them in this litigation. *See* Dkt. #71. Additionally, Plaintiff contends that disclosure of such records required Plaintiff's written release under the Privacy Act, 5 U.S.C. § 552a and 28 C.F.R. § 16.97. *Id.* Finally, Plaintiff moved for an extension of time to respond to the Defendants' motions for summary judgment pending the Court's decision on the various issues raised in Plaintiffs' motions. *See* Dkt. ##73 & 74.

## III. ANALYSIS

The Court stayed discovery because Defendants represented that they would be filing dispositive motions based solely on the allegations in Plaintiffs complaint. *See* Dkt. #46. Defendants decided to take a different course of action. The Court obviously cannot rely on extrinsic evidence in deciding Defendants' motions for summary judgment if Plaintiff has not had the opportunity to engage in discovery and review the evidence relevant to his claims. *See*, *e.g.*, Fed. R. Civ. P. 26 & 56(d). The Court hereby STRIKES the declarations of John J. Soltys

ORDER ON MOTIONS - 3

(Dkt. #53), Bernadette Mathis (Dkt. ##54), Heather McIntyre (Dkt. #55), Robert Ballash (Dkt. #64), William Brown, Jr. (Dkt. #65), Shannon Connery (Dkt. #66), and Kayla Stahman (Dkt. #67), and all exhibits attached thereto. Consistent with the Defendants' previous representations to the Court, the Court will construe Defendants' motions for summary judgment as motions for a judgment on the pleadings under Fed. R. Civ. P. 12(c). In deciding Defendants' motions, the Court will rely on the facts as pleaded by Plaintiff in his Amended Complaint.

The Court now considers the pending motions:

**A.   Plaintiff's Motion for Leave to Conduct Discovery (Dkt #51)**

Plaintiff moves for leave to conduct discovery on the basis that (1) Defendants had not yet filed their motions for summary judgment and (2) that he received two different versions of documents from the Bureau of Prisons. Both Defendants have now filed motions for judgment on the pleadings that will be decided solely on the basis of Plaintiff's complaint. Dkt. ## 52 & 63. Whether the parties should engage in discovery is best decided once the Court has had the opportunity to review those motions. With respect to Plaintiff's second point, Plaintiff fails to demonstrate how the discrepancies he identified (hand-written notations regarding a "City of Fife Citation") relate to claims presently before the Court.

Plaintiff's motion for leave to conduct discovery is DENIED. If Defendants' motions for judgment on the pleadings do not dispose of this litigation, Plaintiff may renew his motion.

**B.   Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #56)**

Plaintiff moves for leave to file a second amended complaint in light of "documents provided to him by the BOP on April 2, 2012, which provide support and proof of the allegations contained in his First Amended Complaint." Plaintiff also believes that after reviewing the

ORDER ON MOTIONS - 4

Court's December 1, 2011 order and relevant precedent "that he can amend his claims, pleading factual allegations and the proper elements of each claim."

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, [or] will cause prejudice to the opposing party." *Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002). The futility of amendment is also an appropriate consideration. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff failed to attach his proposed amended complaint to his motion or to articulate how he proposes to amend his complaint. Absent such information, the Court cannot evaluate the propriety of an amendment. Plaintiff's motion is therefore DENIED.

**C. Pioneer Defendants' Motion to Seal (Dkt. #57)**

Pioneer's motion to seal is MOOT. The Court has stricken the declaration of Bernadette Mathis and all attached exhibits. Since there is no technical mechanism to remove the documents from the docket once they have been filed, the sealed documents (Dkt. ## 59 & 60 and the Exhibits attached to Dkt. #54) SHALL REMAIN UNDER SEAL.

**D. Plaintiff's Motions for Extensions of Time (Dkt. ## 73 & 74)**

Given the complicated procedural history articulated above, the Court finds good cause for and hereby GRANTS Plaintiff's motions for extensions of time. Defendants' motions for judgment on the pleadings (Dkt. ## 52 & 63) are hereby RE-NOTED for **July 20, 2012**. Plaintiff shall file his response(s) no later than **July 16, 2012**. Defendants' replies shall be due **July 20, 2012**.

ORDER ON MOTIONS - 5

# IV. CONCLUSION

The Court, having read all of the pending motions, the responses and replies thereto, and the remainder of the record, hereby finds and ORDERS:

(1) The declarations of John J. Soltys (Dkt. #53), Bernadette Mathis (Dkt. ##54), Heather McIntyre (Dkt. #55), Robert Ballash (Dkt. #64), William Brown, Jr. (Dkt. #65), Shannon Connery (Dkt. #66), and Kayla Stahman (Dkt. #67), and all exhibits attached thereto are hereby STRICKEN. The Court will construe Defendants' motions for summary judgment as motions for a judgment on the pleadings under Fed. R. Civ. P. 12(c).

(2) Plaintiff's motion for leave to conduct discovery (Dkt. #51) is DENIED.

(3) Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #56) is DENIED.

(4) Pioneer Defendants' Motion to Seal (Dkt. #57) is MOOT. Since there is no technical mechanism to remove the documents from the docket once they have been filed, the sealed documents (Dkt. ## 59 & 60 and the Exhibits attached to Dkt. #54) SHALL REMAIN UNDER SEAL.

(5) Plaintiff's Motions for Extensions of Time (Dkt. ## 73 & 74) are GRANTED. Defendants' motions for summary judgment (Dkt. ## 52 & 63) are hereby RE-NOTED for **July 20, 2012**. Plaintiff shall file his response(s) no later than **July 16, 2012**. Defendants' replies shall be due **July 20, 2012**.

//

//

DATED this 28th day of June 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS - 7