UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN D. VEGA, JR.,

                    Plaintiff,

        v.                                          Case No. C11-632-RSM

UNITED STATES OF AMERICA, et al.,                   ORDER DIRECTING RESPONSE TO
                                                    DEFENDANTS' MOTION FOR
                                                    RECONSIDERATION AND DENYING
                                                    PLAINTIFF'S MOTION FOR
                                    Defendants.      RECONSIDERATION

        This matter is before the Court on Plaintiff and federal Defendants' motions for

reconsideration (Dkt. ## 92, 93). For the reasons that follow, the Court directs Plaintiff to

respond to Defendants' motion and DENIES Plaintiff's motion.

## I. FEDERAL DEFENDANTS' MOTION FOR RECONSIDERATION

        Federal Defendants request reconsideration of the Court's November 1, 2012 Order (Dkt.

# 91) dismissing all but Plaintiff's procedural due process claim against them. Pursuant to Local

Civil Rule 7(h)(3), the Court directs Plaintiff to respond to federal Defendants' argument that

ORDER DIRECTING RESPONSE TO MOTION FOR RECONSIDERATION - 1

they are protected under the doctrine of qualified immunity. The government argues that even if Plaintiff was denied procedural due process, a governmental entity's failure to follow a rule or regulation, by itself, does not support a claim for violation of a plaintiff's constitutional rights. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2009). The Defendants further contend that while the right to procedural due process is clearly established, the right of a convicted prisoner to a hearing prior to disciplinary action is not, and for that reason, they should be entitled to qualified immunity.

The determination of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz,* 533 U.S. 194, 201 (2001).  The individual circumstances of the case do not, however, provide a basis for qualified immunity if "the unlawfulness was apparent in light of preexisting law." *Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir. 1998) (internal citation omitted).  Therefore, the question is "whether the state of the law" in 2008 gave Defendants "fair warning" that Plaintiff's transfer was unconstitutional. *Id.*

Plaintiff's response brief shall be no longer than seven pages in length and shall be filed by February 11, 2013.  Federal Defendants' reply brief shall be no longer than five pages in length and shall be filed by February 15, 2013.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

"Motions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

ORDER DIRECTING RESPONSE TO MOTION FOR RECONSIDERATION - 2

1    Plaintiff argues that "[h]ad the Court used the correct regulations in effect on October 16,

2    2008, Plaintiff's claim that the disciplinary hearing held on October 23, 2008, violated his rights

3    to a timely hearing pursuant to 'FBOP' regulations would have been confirmed." The Court

4    disagrees. Dkt. # 93, p. 9. While the Court considered Plaintiff's argument under 28 C.F.R. §

5    541.7(c) and 28 C.F.R. § 541.8(c)—regulations that did not become effective until March 1,

6    2011—application of the 2008 regulations provided by Plaintiff does not change the outcome.

7    Plaintiff contends that under 28 C.F.R. § 541.11 and 28 C.F.R. § 541.15(b), he was entitled to a

8    hearing within three work days after the incident report was created. However, 28 C.F.R. §

9    541.15(b) states: "[e]ach inmate so charged is entitled to an initial hearing before the UDC,

10   *ordinarily held within three work days*…" (emphasis added). The regulation simply suggests

11   that the hearing occurs within three work days, it does not require it. Likewise, table 2 of 28

12   C.F.R. § 541.11 also includes the word *ordinarily*. The Court appreciates Plaintiff's readiness to

13   point out its use of the timely inappropriate regulation. The Court finds that the inaccuracy does

14   not amount to manifest error, as it was not decisive of the Court's Order. The language of the

15   regulation was cited in the previous order as an illustration that the hearing was conducted within

16   the suggested, not mandatory, time frame. Dkt. # 91, p. 7.

17   Plaintiff also contends that it was his belief that upon completion of the institutional

18   residential drug abuse treatment program, he would be released from prison on his "presumptive

19   release date of February 15, 2009." Dkt. # 93, p. 15. In support, Plaintiff cites to 28 C.F.R.

20   550.58, which states in part, "[a]n inmate who . . . completes a residential drug treatment

21   program during his or her current commitment *may* be eligible . . . for early release . . . ."

22   (emphasis added). Dkt. # 94, p. 15. The word *may* "means a discretionary right, privilege, or

23

ORDER DIRECTING RESPONSE TO MOTION FOR RECONSIDERATION - 3

power." 28 C.F.R. 500.1(f) (emphasis added); Dkt. # 94, p. 2.  Furthermore, a "prisoner has no

independent constitutional right to conditional release before the expiration of a valid sentence."

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

Therefore, the Court finds that Plaintiff failed to establish that he had a right to be released on his

presumptive release date.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

### III. CONCLUSION

Having reviewed the motions and the remainder of the record, the Court hereby finds and

ORDERS:

(1) Plaintiff's motion for reconsideration (Dkt. # 93) is DENIED.

(2) The parties are directed to respond to the federal Defendants' motion for

reconsideration (Dkt. # 92) according to the briefing schedule set forth above.

(3) The Clerk is directed to re-note Defendants' motion (Dkt. # 92) for February 15, 2013

and send a copy of this Order to Plaintiff and counsel for Defendants William Brown,

Oranda Phillips, and Kevin Straight.

DATED this 17th day of January 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DIRECTING RESPONSE TO MOTION FOR RECONSIDERATION - 4